PER CURIAM.
This Court issued its writ of habeas corpus upon the petition of Arthur York and the respondent, H. G. Cochran, Jr., Director, Division of Corrections, has filed his response thereto.
Petitioner’s contention was that he was being illegally detained pursuant to a twenty-year sentence entered against him on May 21, 1957 for the offense of “breaking and entering.” Petitioner alleged that in this state there is no offense entitled “breaking and entering” but he had entered his plea of guilty to the identical charge under the assumption such an offense existed and under the additional assumption the maximum penalty therefor was five years.
No copy of the information was attached to York’s petition. Copies of his judgment and sentence and of his commitment to the state prison were attached. They identified the offense involved as “breaking and entering.”
Chapter 810, Florida Statutes, F.S.A. is entitled “Burglary” and concerns the offenses of breaking and entering dwelling houses, other buildings, ships, vessels, railroad cars, and vehicles. It reflects no offense captioned “breaking and entering.”
The respondent’s return includes a copy of the information which contained two counts. The first count very clearly charged petitioner with breaking and enter *886 ing a dwelling house with intent to compiit a felony, the offense delineated under Sec. 810.01, F.S.A., and the twenty-year sentence received by the petitioner is in accordance therewith.
Also included in the return is a photostatic copy certified by the clerk of the circuit court to be an excerpt of the court minutes of the Circuit Court, Okaloosa County. In his return respondent alleges that this excerpt relates to the case here involved.
This minute entry, which is styled “State of Florida v. Arthur York, Breaking and Entering” reflects that petitioner, with counsel, appeared in open court, withdrew his plea of not guilty, was rearraigned and plead guilty to the first count in the information, whereupon the second count was nol-prossed.
The petitioner has filed a motion suggesting that this Court should disregard the minute entry above mentioned for the reason that the copy thereof “upon its face fails to uniquivically [sic] relate to the issues in this cause, and that your petitioner is unaware of what exact offense that said exhibit refers to.”
The petitioner does not contend that the minute entry is false, that he did not plead guilty to the charge, or that the minute entry does not properly reflect what happened in the trial court. While consideration of the minute entry is not essential to a determination of this cause, we think it is proper for us to consider it in view of the allegations of the return, which are that the minute entry was made in disposition of this cause in the trial court.
We conclude, as noted, that petitioner was properly charged for the crime delineated under Sec. 810.01, F.S.A., and that the length of sentence, twenty years, is in accordance with the statute.
Respondent concedes that the judgment and sentence for the non-existent crime of “Breaking and Entering” is erroneous and suggests that petitioner be remanded for entry of proper judgment and sentence for the crime of breaking and entering a dwelling house with intent to commit a felony, to which he pled guilty. We agree that this should be done.
Accordingly, it is ordered that the petitioner be remanded to the custody of the respondent and that the respondent arrange his return to the Circuit Court of Okaloosa County for entry of judgment and imposition of sentence conforming to the offense charged in the first count of the information against the petitioner, to which he pled guilty.
It is so ordered.
THOMAS, C. J., and ROBERTS, DREW, THORNAL and O’CONNELL, JJ., concur.